UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JAMES TROGDON, on Behalf of Himself and on Behalf of All Others Similarly Situated,** | § § § § | |
| **Plaintiff,** | § § | **CIVIL ACTION NO. 5:20-cv-00956** |
| **v.** | § § | |
| **RIGHTECH, INC. AND RTI SERVICES, INC.,  Defendants.** | § § § § | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

## SUMMARY

1.      Defendants RTI Services, Inc. and Rightech, Inc. (collectively "Rightech" or "Defendants") improperly disguised wage payments to Plaintiff James Trogdon ("Plaintiff") as a "per diem."  As a result, the improperly classified "per diem" payments were excluded from the regular rate of pay of the Plaintiff and thus, he was not paid overtime at the rate of time and one half his regular rate of pay for all hours worked over 40 in a workweek.

2.      Defendants' conduct violates the Fair Labor Standards Act, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times t regular rates of pay. *See* 29 U.S.C. § 207(a).  On behalf of himself and all other similarly situated employees, Plaintiff bring this action as a collective action under the FLSA, 29 U.S.C. § 216(b).  Members of the collective action are referred to as the "FLSA Class Members."

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 because the action involves a federal statute, the FLSA, 29 U.S.C §§ 201, *et seq*.

4.      Defendants are subject to personal jurisdiction in this District because they each conduct substantial and continuous commercial activities in Texas. They each contract with residents of San Antonio for the services provided by its workforce. They each maintain a registered agent for service of process in Texas. They also employ numerous Texas citizens.

5.      Venue is proper in this District because the Plaintiff worked in this District, worked overtime hours in this District, and was denied overtime wages at the rate of time and one half his regular rate of pay in this District.  That is, the violation of which Plaintiff complains occurred while he worked in this District.  Thus, Defendants do a significant portion of their business in this District and the wrongs herein alleged occurred in this District.

## PARTIES AND PERSONAL JURISDICTION

6.      Plaintiff James Trogdon is an individual residing in Jasper, Texas.  Said Plaintiff's written consent to this action is attached hereto as Exhibit "A."

7.      Defendant Rightech, Inc. is a New Jersey corporation doing business in Texas. Said Defendant can be served with process by serving Corporation Service Company d/b/a CSC – Lawyers Inco at 211 E. 7th Street, Suite 620, Austin, Texas, 78701.

8.      Defendant RTI Services, Inc. is a New Jersey corporation doing business in Texas. Said Defendant can be served with process by serving Corporation Service Company d/b/a CSC – Lawyers Inco at 211 E. 7th Street, Suite 620, Austin, Texas, 78701.

9.      The "FLSA Class Members" are all Field Engineers a/k/a Field Technicians paid an hourly rate and a per diem for at least one week during the three year period prior to the filing of this lawsuit to the present.

10.      At all times relevant herein, Defendants were joint employers under the FLSA.

## COVERAGE

11.    At all material times, Defendants have been an employer within the meaning of the FLSA.  29 U.S.C. § 203(d).

12.    At all material times, Defendants have been enterprises in commerce or in the production of goods within the meaning of the FLSA due to the fact that Defendants have had and continue to have employees engaged in interstate commerce.  29 U.S.C. § 203(s)(1).

13.    At all material times, Defendants each have had an annual gross business volume in excess of the statutory standard of $500,000.

14.    At all material times, Plaintiff and the FLSA Class Members were/are employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

## FACTS

15.    Rightech is a staffing company that assigns workers to other companies.  Rightech operates across the US, including in Arkansas, Texas, Tennessee, and Wyoming.

16.    Rightech performs the classic duties of an employer.  As Rightech boasts on its website, Rightech "specializes in nationwide technical staffing. Our core strength is supplying well qualified technical associates quickly. With 20 years of industry experience, we can support your nationwide and local projects through our extended workforce of 25,000 technical associates." http://www.rightech.net/ (last visited August 14, 2020).

17.    Plaintiff worked for Defendants from approximately January 2018 to October 2018 as a Field Engineer a/k/a Field Technician.

18.    As Field Engineers, Plaintiff and the FLSA Class Members performed manual labor tasks on cellular towers. Plaintiff and the FLSA Class Members installed and troubleshooted equipment in these towers.

19.     Plaintiff and the FLSA Class Members used basic tools to perform their physical labor tasks such as cable cutters, screwdrivers, ladders, pliers, wrenches, colored tape, cameras, and zip ties.

20.     Plaintiff and the FLSA Class Members were not exempt from overtime.

21.     The Plaintiff and the FLSA Class Members were paid an hourly rate plus a per diem.

22.     However, the per diem was not included in their regular rate of pay for purposes of calculating overtime.

23.     Thus, the overtime the Plaintiff and the FLSA Class Members were paid was less than time and one half their regular rates of pay.  Defendants illegally classified the per diem as an expense reimbursement instead of as wages.

24.     The per diem constitutes wages as a matter of law because the amount of the per diem paid by Defendants was based upon the number of hours worked.  That is, the per diem was not based upon actual expenses, but was based upon hours worked.  In these circumstances, the per diem is a wage payment that must be included in the regular rate of pay. *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036 1041-42 (5th Cir. 2010); *Hanson v. Camin Cargo Control, Inc.*, 2015 WL 1737394, at *5 (S.D. Tex. Apr. 16, 2015).

25.     For example, Plaintiff Trogdon was paid an hourly rate of $15 per hour and a per diem of $22 per hour.  In reality, Plaintiff Trogdon's hourly rate of pay was $37 per hour, not $15 per hour.  Thus, his true overtime rate was $55.50 per hour (1.5 x $37 per hour), which was not paid to him.

26.     Even if the per diem was not based upon the number of hours worked, it still should have been included in the regular rate of pay. That is because the per diem was substantially greater

than the actual or reasonable approximation of the Plaintiff's and FLSA Class Members' expenses. Indeed, in addition to paying the per diem, Defendants reimbursed the Plaintiff and FLSA Class Members for their out of pocket expenses.

27.     In fact, Defendants pay the per diem regardless of whether or not they actually incur travel or work related expenses in a given week.

28.     Thus, the per diem bears no reasonable relationship to actual expenses that were incurred.

29.     Defendants disguised this compensation as an expense reimbursement in order to avoid including such compensation in the calculation of the overtime rate.  Again, because Defendants failed to include the "per diem" in the overtime calculation, Defendants have paid Plaintiff and FLSA Class Members at rates less than what the FLSA mandates.

30.     Additionally, Defendants enacted a policy of not paying for any time worked during training.  Moreover, Defendants failed to pay for all hours worked each day while at the cell sites.

31.     Although Plaintiff and the FLSA Class Members have been required to work more than forty (40) hours per work-week, and did so frequently, they were not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

32.     No exemption applies to the Plaintiff or the FLSA Class Members.

33.     Defendants' method of paying the Plaintiff and the FLSA Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that their conduct complied with the FLSA. Defendants' misclassification was not by accident, but a well thought out scheme to reduce their labor costs.  Defendants knew the requirement to pay overtime to their employees, but intentionally and/or recklessly chose not to do so.  Accordingly, Defendants' violations of the FLSA were willful.

## VIOLATION OF 29 U.S.C. § 207
### FAILURE TO PAY OVERTIME UNDER THE FLSA
### (COLLECTIVE ACTION)

34.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

35.     Defendants' practice of failing to pay Plaintiff time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

36.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendants or the Plaintiff.

37.     The FLSA requires employers to compensate employees for each hour worked over forty (40) at a rate not less than one and one-half times the employee's regular rate of pay.

## COLLECTIVE ACTION ALLEGATIONS

38.     Plaintiff has actual knowledge that the FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek as a result of Defendants' exclusion of per diem payments from the regular rate calculation.

39.     Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendants while performing work through multiple locations for Defendants across the U.S.

40.     Other hourly paid workers similarly situated to the Plaintiff work for Defendants throughout the United States, but are not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek.

41.     Although Defendants permitted and/or required FLSA Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their

hours worked over forty (40) by failing to pay overtime on the per diem payments issued to class members.

42.     FLSA Class Members perform or have performed the same or similar work as Plaintiff and also received a per diem.

43.     FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

44.     As such, FLSA Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, and the denial of overtime pay.

45.     Defendants' failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of FLSA Class Members.

46.     The experiences of the Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of FLSA Class Members.

47.     The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

48.     All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

49.     Although the exact amount of damages may vary among FLSA Class Members, the damages for FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all FLSA Class Members.

50.     The forgoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Additionally, Defendants' failure to comply with the statue was not in good faith under 29 U.S.C. § 260.

51.     This action is brought on behalf of the following class for purposes of the collective action provisions set forth in 29 U.S.C. § 216(b).  The class is properly defined as follows:

> **All Field Engineers a/k/a Field Technicians paid an hourly rate and a per diem for at least one week during the three year period prior to the filing of this lawsuit to the present.**

52.     Plaintiff brings this case as a collective action to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs that are owed to Plaintiff and the FLSA Class Members, as defined above.

53.     Given the composition and size of the class, potential opt-in class members may be informed of the pendency of this action through direct mail, text message, and email.

54.     Collective treatment is proper in this case because Plaintiff are similarly situated to the employees they seek to represent.  Plaintiff and the FLSA Class Members were subject to the same compensation policies.  The Plaintiff and FLSA Class Members performed the same or similar duties.

## **DAMAGES SOUGHT**

55.     Plaintiff and the FLSA Class Members are entitled to recover their unpaid overtime compensation. 29 U.S.C. §§ 207, 216.

56.     Plaintiff and the FLSA Class Members are entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

57.     Plaintiff and the FLSA Class Members are entitled to recover attorney's fees, interest, and costs. 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

58.     For these reasons, Plaintiff, on behalf of himself and the FLSA Class Members,

respectfully request that judgment be entered in their favor awarding them the following:

     a.  Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

     b.  Liquidated damages in an amount equal to their unpaid overtime as allowed under the FLSA;

     c.  Reasonable attorney's fees, costs, interest, and expenses of this action as provided by the FLSA; and

     d.  Such other and further relief to which Plaintiff and FLSA Class Members may be entitled, at law or in equity.

Respectfully submitted,

HODGES & FOTY, L.L.P.

By: /s/ Don J. Foty
    Don J. Foty
    Dfoty@hftrialfirm.com
    Texas Bar No. 24050022
    4409 Montrose Blvd., Ste. 200
    Houston, Texas 77006
    Telephone: (713) 523-0001
    Facsimile: (713) 523-1116

ATTORNEY-IN-CHARGE FOR PLAINTIFF
AND CLASS MEMBERS